DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARLOS HENFIELD EL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-938

[December 9, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mariya Weekes, Judge; L.T. Case No. 18-7297 CF10A.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Carlos Henfield El ("the defendant") appeals his convictions for offenses related to marijuana possession and argues that reversal is required for two reasons:  1) trial counsel was ineffective in failing to move for discharge based on a speedy trial violation, and 2) the trial court erred in granting the state's peremptory strike to a juror over the defendant's objection that it was racially motivated.  With respect to the first argument, we find no ineffective assistance of counsel on the face of the record, and therefore affirm without prejudice to the defendant's right to seek postconviction relief.  With respect to the second argument, we affirm based on an inadequate trial record.

On appeal, the defendant argues that, during jury selection, the trial court erred in not conducting an inquiry into the genuineness of the state's purported race-neutral reason for a peremptory strike.

"The trial court's decision to uphold a peremptory strike is reviewed for an abuse of discretion."  *Truehill v. State*, 211 So. 3d 930, 942 (Fla. 2017). In *Melbourne v. State*, 679 So. 2d 759 (Fla. 1996), the Florida Supreme

Court set out the procedure that must be followed when a party challenges a peremptory strike as discriminatory:

> A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.
>
> At this point, the burden of persuasion shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.

*Id.* at 764 (footnotes omitted).

The central question before us relates to step 3 of the *Melbourne* procedure, the trial court's genuineness determination. "Under *Melbourne*, '[r]elevant circumstances [in the genuineness analysis] may include—but are not limited to–-the following: the racial make-up of the venire; prior strikes exercised against the same racial group; a strike based on a reason equally applicable to an unchallenged juror; or singling the juror out for special treatment.'" *Johnson v. State*, 238 So. 3d 726, 741 (Fla. 2018) (first alteration in original) (quoting *Melbourne*, 679 So. 2d at 764 n.8). Additionally, the Florida Supreme Court has explained that "reviewing courts should keep in mind two principles when enforcing the above guidelines": first, that "peremptories are presumed to be exercised in a nondiscriminatory manner" and "[s]econd, [that] the trial court's decision turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous." *Melbourne*, 679 So. 2d at 764–65.

Unfortunately, our appellate review is hampered by a collective failure at the trial level to make a sufficient record. We are unable to conclusively identify the racial make-up of the venire, prior strikes exercised against the racial group of the challenged juror, or whether the reason proffered

2

for the strike—the juror's purported belief that marijuana should be legalized—was equally applicable to unchallenged jurors. Part of the reason for the inscrutability of the record centers around the fact that the two-member defense team frequently talked over one another, without corrective intervention by the trial court. Another impediment to meaningful appellate review revolves around the failure of counsel to identify, on the record, how many and which venirepersons shared or opposed the challenged juror's belief in legalization.

In the end, this case serves as a good reminder that the trial court and the attorneys must always keep a keen eye on and an appreciation for the record that is being made in real time. As with any other aspect of trial, the details of the jury selection process must be clearly documented in the record to facilitate appellate review. In its written transcript form, the record of a jury trial can easily become garbled, which is what occurred in this case. Because the record is unclear and cannot be rehabilitated to satisfy the precision required by *Melbourne*, our review is hindered. We state the obvious by suggesting that the preparation of a "clean" and understandable record is essential as it is the backbone of the appellate process.

Based on this record, we are unable to conclude that the trial court's genuineness determination constituted an abuse of discretion. Accordingly, we affirm.

*Affirmed.*

FORST and KUNTZ, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3